1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    ENERTRODE, INC.,                         Case No.16-cv-02458-HSG

8              Plaintiff,
                                              **ORDER DENYING MOTION TO**
9         v.                                  **DISMISS FOR LACK OF**
                                              **JURISDICTION AND MOTION TO**
10   GENERAL CAPACITOR CO. LTD, et al.,       **TRANSFER CASE**

11             Defendants.                    Re: Dkt. No. 10

12        Pending before the Court is (1) a motion to dismiss the complaint for lack of personal

13   jurisdiction brought by Defendants General Capacitor, LLC ("GC LLC") and Jianping Zheng; and

14   (2) a motion to transfer the case to the Northern District of Florida under 28 U.S.C. § 1404(a)

15   brought by Defendants GC LLC, Zheng, General Capacitor International, Inc. ("GCI"), and

16   General Capacitor Co. Limited ("GCL") (collectively, "Defendants").  For the reasons articulated

17   below, the motions are DENIED.

18   **I.    INTRODUCTION**

19        **A.    Procedural Background**

20        Plaintiff Enertrode, Inc. filed this action against Defendants in Alameda Superior Court on

21   March 25, 2016.  Dkt. No. 1-1 ("Compl.").  Plaintiff brings four claims for relief: (1) breach of

22   contract, (2) inducing breach of contract, (3) misappropriation of trade secrets, and (4) declaratory

23   relief.  *Id.*  Defendants removed the action to this Court on May 5, 2016.  Dkt. No. 1.

24        Also on May 5, 2016, Defendants filed a separate action against Linda Zhong, Plaintiff's

25   president, in the Northern District of Florida.  Dkt. No. 23.  In the Florida Action, Defendants

26   assert claims for (i) breach of contract, (ii) breach of fiduciary duty, (iii) tortious interference, and

27   (iv) computer fraud and abuse under 18. U.S.C. § 1030 and trademark misappropriation.  The

28   Florida Action has been stayed pending the outcome of the current motions.  Dkt. No. 23.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

**B.      Factual Background**

2      For the purpose of deciding the pending motions, the Court accepts the following as true:

3      Plaintiff is in the business of "designing, developing, and creating electrodes for multiple

4    applications."  Compl. ¶ 10.  In May 2014, Plaintiff, GCL, and GCI entered into a license

5    agreement under which Plaintiff licensed certain technology to GCL and GCI, including an

6    Electrode Manufacture Line (the "License Agreement").  *Id.* ¶ 12.  Zhong, then Plaintiff's CTO,

7    signed the agreement on Plaintiff's behalf in California.  Dkt. No. 11 ("Zheng Decl.") ¶ 8; Dkt.

8    No. 15-1 ("Zhong Decl." ¶ 3).  The License Agreement made clear that the licensed technology

9    belonged to Plaintiff and that all inventions or discoveries related to the licensed technology also

10    would belong to Plaintiff.  Compl. ¶ 13.

11      On January 7, 2015, Zheng extended an offer to Zhong to become the Chief Executive

12    Officer of GCI and the Chief Technology Officer of GC LLC.  Zheng Decl. ¶ 9; Compl. ¶ 15.

13    Zhong accepted Zheng's offer, signing both an initial employment contract and a supplemental

14    agreement in California.  Zhong Decl. ¶ 5; Compl. ¶ 15.  Zhong's supplemental employment

15    contract acknowledged that any technology developed by Plaintiff or Zhong belonged to Plaintiff.

16    Compl. ¶ 15.

17      While working for GCI and GC LLC, Zhong traveled back and forth between Florida and

18    California, spending about 47% percent of her time in Florida, and 53% of her time in California.

19    Zhong Decl. ¶ 6.  During that time, Zhong developed a new lithium film electrode design known

20    as the Lithium Electrode Invention.  *Id.* ¶ 7; Compl. ¶ 16.  In August 2015, Zhong filed a

21    provisional patent application reflecting the Lithium Electrode Invention with the United States

22    Patent and Trademark Office.  Compl. ¶ 17.  Zheng demanded a copy of the provisional patent

23    application, and Zhong provided a copy of the provisional application to Defendants under the

24    confidentiality provision of the License Agreement.  *Id.*  Subsequently, Defendants filed a patent

25    application reflecting the Lithium Electrode Invention by copying Plaintiff's provisional patent

26    application and demanded that Zhong assign the technology to GC LLC.  *Id.* ¶¶ 17-18.

27    Defendants also used Plaintiff's confidential technology in direct competition with Plaintiff and

28    disclosed said information to third parties.  *Id.* ¶ 35.  Plaintiff has experienced economic damage

1   as a result.  *Id.* ¶ 36.

2   **II.      DISCUSSION**

3          On May 12, 2016, GC LLC and Zheng moved to dismiss this action for lack of personal

4   jurisdiction, and Defendants moved to transfer the case to the Northern District of Florida.  Dkt.

5   No. 10.

6          **A.      Rule 12(b)(2) Legal Standard**

7          "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction

8   over persons."  *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014).  Where "there is no applicable

9   federal statute governing personal jurisdiction, the law of the state in which the district court sits

10  applies."  *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir.

11  2003).

12         Where a state, like California, "authorize[s] its courts to exercise jurisdiction over persons

13  on any basis not inconsistent with . . . the Constitution of the United States," *see Walden v. Fiore*,

14  134 S. Ct. 1115, 1121 (2014), federal courts ask whether the exercise of jurisdiction over a

15  defendant "comports with the limits imposed by federal due process," *Daimler*, 134 S. Ct. at 753;

16  *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) ("[B]ecause California's long-arm

17  statute is coextensive with the limits of due process, the two inquiries collapse into a single

18  inquiry:  whether jurisdiction comports with due process."); *see also* Cal. Civ. P. Code § 410.10

19  (California's long-arm statute is co-extensive with the federal due process clause).  Specifically,

20  "[a] court may exercise personal jurisdiction over a defendant consistent with due process only if

21  he or she has 'certain minimum contacts' with the relevant forum 'such that the maintenance of

22  the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Menken v. Emm*,

23  503 F.3d 1050, 1056 (9th Cir. 2007) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

24  (1945)).

25         There are two categories of personal jurisdiction a plaintiff can invoke:  general and

26  specific.  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 915

27  (2016). "If the defendant's activities in the forum are substantial, continuous and systematic,

28  general jurisdiction is available; in other words, the foreign defendant is subject to suit even on

United States District Court
Northern District of California

3

1    matters unrelated to his or her contacts to the forum." *Doe v. Unocal Corp.*, 248 F.3d 915, 923

2    (9th Cir. 2001) (per curiam).  This is in contrast to "[s]pecific or case-linked jurisdiction [which]

3    depends on an affiliation between the forum and the underlying controversy (*i.e.*, an activity or an

4    occurrence that takes place in the forum State and is therefore subject to the State's regulation)."

5    *Walden*, 134 S. Ct. at 1121 n.6 (internal quotation marks and brackets omitted).

6           "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears

7    the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co.*

8    *v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  Although the Court "may not assume the truth of

9    allegations in a pleading which are contradicted by affidavit," *CollegeSource, Inc. v.*

10   *AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (internal quotation marks omitted), the

11   Court must resolve conflicts between the facts contained in the parties' affidavits in plaintiff's

12   favor, *Unocal Corp.*, 248 F.3d at 922; *see also Schwarzenegger v. Fred Martin Motor Co.*, 374

13   F.3d 797, 800 (9th Cir. 2004). "[I]n the absence of an evidentiary hearing, the plaintiff need only

14   make a prima facie showing of jurisdictional facts to withstand the motion to dismiss."

15   *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 671-72 (9th Cir. 2012) (internal

16   quotation marks omitted).

17          **B.      Rule 12(b)(3) Legal Standard**

18          28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the

19   interest of justice, a district court may transfer any civil action to any other district or division

20   where it might have been brought."  The purpose of this statute is "to prevent the waste of time,

21   energy and money and to protect litigants, witnesses and the public against unnecessary

22   inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

23          The moving party first must show that the transferee forum is "one in which the action

24   might have been brought." *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).  Subsequently, the

25   moving party must "demonstrate that a transfer of venue would promote the convenience of

26   parties and witnesses and the interests of justice." *Kannar v. Alticor, Inc.*, No. C-08-5505 MMC,

27   2009 WL 975426, at *1 (N.D. Cal. Apr. 9, 2009).  At the second step, "the district court has

28   discretion to adjudicate motions for transfer according to an individualized, case-by-case

*United States District Court*
*Northern District of California*

4

1   consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498

2   (9th Cir. 2000) (internal quotations omitted).  The Court may consider:

> (1) the location where the relevant agreements were negotiated and
> executed, (2) the state that is most familiar with the governing law,
> (3) the plaintiff's choice of forum, (4) the respective parties'
> contacts with the forum, (5) the contacts relating to the plaintiff's
> cause of action in the chosen forum, (6) the differences in the costs
> of litigation in the two forums, (7) the availability of compulsory
> process to compel attendance of unwilling non-party witnesses, and
> (8) the ease of access to sources of proof.

8   *Id.* at 498–99.

### C.   Analysis

10   The Court begins its analysis with GC LLC's and Zheng's motion to dismiss, then

11   addresses Defendants' motion to transfer.  *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180

12   (1979) ("The question of personal jurisdiction, which goes to the court's power to exercise control

13   over the parties, is typically decided in advance of venue, which is primarily a matter of choosing

14   a convenient forum.").

### 1.   Motion to Dismiss

16   Plaintiff asserts that this Court has specific jurisdiction over Zheng and GC LLC in this

17   action.  *See* Dkt. No. 15 at 7-12.

18   The Ninth Circuit analyzes specific jurisdiction under a three-prong test:

> (1) The non-resident defendant must purposefully direct his
> activities or consummate some transaction with the forum or
> resident thereof; or perform some act by which he purposefully
> avails himself of the privilege of conducting activities in the forum,
> thereby invoking the benefits and protections of its laws; (2) the
> claim must be one which arises out of or relates to the defendant's
> forum-related activities; and (3) the exercise of jurisdiction must
> comport with fair play and substantial justice, i.e. it must be
> reasonable.

24   *Washington Shoe*, 704 F.3d at 672.  The plaintiff bears the burden of satisfying the first two

25   specific jurisdiction prongs.  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).  If the plaintiff

26   does so, the burden then shifts to the defendant to set forth a "compelling case" that the exercise of

27   jurisdiction would not be reasonable.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78

28   (1985).

United States District Court
Northern District of California

1   In analyzing whether specific jurisdiction exists here, the Court focuses on Plaintiff's claim

2   for misappropriation of trade secrets, which most readily supports the exercise of specific

3   jurisdiction. The Court concludes that it may exercise specific jurisdiction over Zheng and GC

4   LLC with respect to the misappropriation claim. Under the doctrine of pendent personal

5   jurisdiction, the Court may also exercise jurisdiction over the balance of Plaintiff's claims, which

6   "arise[] out of a common nucleus of operative facts" with the misappropriation of trade secrets

7   claim. *See Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir.

8   2004).

9   **a.   Purposeful Direction**

10   Plaintiff must first establish that Zheng and GC LLC purposefully directed their conduct at

11   this forum under the "effects test" from *Calder v. Jones*, 465 U.S. 783 (1984). The effects test

12   "imposes three requirements: the defendant allegedly [must] have (1) committed an intentional

13   act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to

14   be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,

15   433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (per curiam).

16   First, there must be an intentional act, which in this context is defined as "external

17   manifestation of the actor's will and does not include any of its results, even the most direct,

18   immediate, and intended." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 806 (9th

19   Cir. 2004). According to Plaintiff, Defendants, including Zheng and GC LLC, misappropriated

20   Plaintiff's trade secrets by "downloading and/or copying said information without permission and

21   in contravention of Defendants' contractual and legal obligations" and "disclosing said

22   information to third parties." Compl. ¶ 35. Further, Plaintiff alleges that their misappropriation

23   was "willful and malicious." *Id.* ¶¶ 38-39. As such, the Court finds this element satisfied.

24   Next, Defendants' intentional acts must have been "expressly aimed" at California. *See*

25   *Yahoo! Inc.*, 433 F.3d at 1206. Plaintiff alleges that Defendants expressly aimed their conduct at

26   California because Defendants misappropriated Plaintiff's trade secrets, specifically the Lithium

27   Electrode Invention, by downloading and copying Plaintiff's trade secrets, using Plaintiff's trade

28   secrets in direct competition with Plaintiff, and disclosing Plaintiff's trade secrets to third parties.

United States District Court
Northern District of California

6

1    Compl. ¶ 35.  Further, Plaintiff alleges that while Defendants took the above actions, Zheng was

2    aware that Plaintiff was a California corporation with its principal place of business in California.

3    Zhong Decl. ¶¶ 3, 5.  The Court finds that Plaintiff's allegations and evidence plausibly establish

4    that Zheng and GC LLC expressly aimed their trade secret misappropriation at California.  *See*

5    *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321-22 (9th Cir. 1998), *holding modified by*

6    *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006)

7    (finding defendant's actions to intentionally infringe plaintiff's trademark in an attempt to extort

8    money constituted express aiming at state of plaintiff's principal place of business).

9              Finally, Zheng and GC LLC must have allegedly known that the harm caused would likely

10   be suffered in California.  *See Yahoo! Inc.*, 433 F.3d at 1206.  As established above, Plaintiff

11   submits evidence that Zheng knew that Plaintiff was a California corporation with its principal

12   place of business in California.  Zhong Decl.  ¶¶ 3, 5.  Additionally, Plaintiff alleges that it

13   suffered economic damage as a result of Defendants' willful misappropriation.  Compl. ¶ 36.  The

14   Ninth Circuit has "repeatedly held that a corporation incurs economic loss, for jurisdictional

15   purposes, in the forum of its principal place of business."  *CollegeSource, Inc.*, 653 F.3d at 1079.

16   As such, Plaintiff has sufficiently established that Zheng and GC LLC knew that the harm caused

17   by their trade secret misappropriation likely would be felt in California.

18             The Court holds that all three elements of the *Calder* effects test have been satisfied, and

19   Zheng and GC LLC thus purposefully directed their conduct at California.

                                  **b.      Forum-Related Contact**

20

21             Next, Plaintiff must show that this lawsuit arises out of or relates to Zheng's and GC

22   LLC's alleged trade secret misappropriation.  The Ninth Circuit relies on "a 'but for' test to

23   determine whether a particular claim arises out of forum-related activities and thereby satisfies the

24   second requirement for specific jurisdiction.  *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir.

25   1995); *see also Harris Rutsky*, 328 F.3d at 1131; *In re W. States Wholesale Nat. Gas Antitrust*

26   *Litig.*, 715 F.3d 716, 742 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct.

27   1591 (2015) ("Under the 'but for' test, 'a lawsuit arises out of a defendant's contacts with the

28   forum state if a direct nexus exists between those contacts and the cause of action.'").

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1     Here, Plaintiff's suit arises directly from Defendants' alleged downloading and copying of

2 Plaintiff's trade secrets related to the "Lithium Electrode Invention," use of Plaintiff's trade secrets

3 in direct competition with Plaintiff, and disclosure of Plaintiff's trade secrets to third parties.

4 Compl. ¶ 35.  "But for" Defendants' actions to misappropriate Plaintiff's trade secrets, Plaintiff

5 would not have suffered economic damage.  Accordingly, through its misappropriation claim,

6 Plaintiff has satisfied the second prong of specific jurisdiction as to Zheng and GC LLC.

7                    **c.       Reasonableness**

8     Because Plaintiff has made out a prima facie case as to the first two prongs of specific

9 jurisdiction, "the burden thus shifts to [Zheng and GC LLC] to show that the exercise of

10 jurisdiction would not be reasonable." *Menken*, 503 F.3d at 1060.  Zheng and GC LLC must

11 "present a compelling case that the presence of some other considerations would render

12 jurisdiction unreasonable." *Ballard*, 65 F.3d at 1500 (internal quotation marks omitted).  Courts

13 examine seven factors to determine reasonableness:

> (1) the extent of the defendant's purposeful availment; (2) the
> burden on the defendant to litigate in the forum; (3) the extent of
> conflict with the defendant's sovereign state; (4) the forum's interest
> in hearing the dispute; (5) the most efficient resolution of the
> controversy; (6) importance to the plaintiff for convenient forum and
> effective relief; and (7) the existence of an alternative forum.

18 *Menken*, 503 F.3d at 1060; *see Burger King*, 471 U.S. at 476.

19                    **i.       Purposeful Interjection**

20     "Even if there is sufficient 'interjection' into the state to satisfy the purposeful availment

21 prong, the degree of interjection is a factor to be weighed in assessing the overall reasonableness

22 of jurisdiction under the reasonableness prong." *Panavision Int'l, L.P.*, 141 F.3d at 1323.

23     As the Court found above, Plaintiff has sufficiently established that Zheng and GC LLC

24 purposefully directed their trade secret misappropriation at California.  According to Plaintiff,

25 Defendants downloaded and copied Plaintiff's trade secrets related to the Lithium Electrode

26 Invention, used Plaintiff's trade secrets in direct competition with Plaintiff, and disclosed

27 Plaintiff's trade secrets to third parties, while knowing that their misappropriation would likely

28 harm Plaintiff in California.  *See* Compl. ¶ 35.  Further, Zheng was "closely involved" in the

1   negotiation of the License Agreement, which contains a California forum-selection clause.  Zhong

2   Decl. ¶ 3; Compl., Ex. A.  Accordingly, the Court finds that this factor weighs in favor of the

3   Court exercising jurisdiction.

### ii.      Burden on Defendants

5    Zheng and GC LLC argue that "[d]efending in California would require [Zheng and GC

6   LLC] to travel out-of-state, an expensive and time-consuming proposition."  Dkt. No. 10 at 11.

7   However, "with the advances in transportation and telecommunications and the increasing

8   interstate practice of law, any burden is substantially less than in days past."  *Menken*, 503 F.3d at

9   1060.  Moreover, Zheng was intimately involved in negotiating the License Agreement, which

10  contains a California forum-selection clause.  Zhong Decl. ¶ 3; Compl., Ex. A.  Thus this factor

11  weighs only slightly in favor of Zheng and GC LLC.

### iii.     Conflict with Defendants' Sovereign State

13  The parties agree that the third factor is neutral.  Dkt. No. 10 at 11; Dkt. No. 15 at 11.

### iv.      California's Interest

15  Plaintiff is a California corporation, and "California maintains a strong interest in

16  providing an effective means of redress for its residents tortiously injured by commercial

17  misappropriation."  *Sinatra v. Na'l Enquirer, Inc.*, 854 F.2d 1191, 1200 (9th Cir. 1988); *see also*

18  *Burger King*, 471 U.S. at 473.  Accordingly, this factor supports the reasonableness of the Court's

19  jurisdiction.

### v.      The Most Efficient Resolution of the Controversy

21  This factor focuses on "where the witnesses and evidence are likely to be located."  *Caruth*

22  *v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 129 (9th Cir. 1995) *holding modified by Yahoo! Inc.*

23  *v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006).  However, it

24  "is no longer weighed heavily given the modern advances in communication and transportation."

25  *Panavision In'l*, 141 F.3d at 1323.

26  Zheng and GC LLC argue that the named parties and their employees are "most likely the

27  important witnesses," and that Plaintiff's central witness, Zhong, moved to Florida to work for

28  Defendants during the relevant time period.  Dkt. No. 10 at 12.  Further, Zheng and GC LLC

United States District Court
Northern District of California

9

1   assert that Defendants have filed a separate lawsuit against Zhong in the Northern District of

2   Florida, and that all of the relevant evidence and some of the third party witnesses are located in

3   Florida. *Id.* On the other hand, Plaintiff is a California corporation, and it does not appear that

4   Zhong is currently residing in Florida. Compl. ¶ 1; *see also* Zhong Decl. ¶¶ 1, 5-6, 11. The Court

5   finds that this factor weighs in favor of Zheng and GC LLC, but only slightly.

6                          **vi.      Plaintiff's Interest in Convenient and Effective Relief**

7           Courts in this circuit have cast doubt on the importance of a plaintiff's convenience in

8   weighing the reasonableness of a forum. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1116 (9th

9   Cir. 2002); *Caruth*, 59 F.3d at 129. Thus, this factor does not significantly influence the Court's

10  analysis.

11                          **vii.     The Existence of an Alternative Forum**

12          Plaintiff, GCL, and GCI are all signatories to the License Agreement, and therefore they

13  are subject to the California forum-selection clause. Zhong Decl. ¶ 3; Compl., Ex. A. Although

14  Florida may be a suitable alternative forum for Zheng and GC LLC because they are not parties to

15  the License Agreement, the other parties' contractual obligation to litigate in this forum weighs in

16  favor of the reasonableness of the Court's jurisdiction.

17                          **viii.    Balancing the Reasonableness Factors**

18          In the Ninth Circuit, courts "emphasize the heavy burden on both domestic and foreign

19  defendants in proving a 'compelling case' of unreasonableness to defeat jurisdiction." *Dole*, 303

20  F.3d at 1117. Here, only two of the seven reasonableness factors weigh slightly in Zheng's and

21  GC LLC's favor. Consequently, the Court finds that Zheng and GC LLC have not carried their

22  "heavy burden" of proving the unreasonableness of the Court's jurisdiction.

23                                          *       *       *

24          In light of the above analysis, the Court finds that it may exercise specific personal

25  jurisdiction over Zheng and GC LLC with respect to Plaintiff's trade secret misappropriation

26  claim, and thus the Court may exercise specific jurisdiction as to the balance of Plaintiff's

27  complaint. *See Action Embroidery Corp.*, 368 F.3d at 1180. The Court DENIES the motion to

28  dismiss for lack of personal jurisdiction.

United States District Court
Northern District of California

**2.      Motion to Transfer**

Additionally, Defendants request that the Court exercise its jurisdiction to transfer this action to the Northern District of Florida.  Dkt. No. 10 at 13-15.  Defendants vigorously assert that this case should be transferred because "Florida is the only jurisdiction where personal jurisdiction is held over all parties."  *Id.* at 13; Dkt. No. 16 at 5.

However, the Court has found above that it has specific personal jurisdiction over all of the Defendants in this action.  Further, even if Defendants could overcome the Supreme Court's mandate that "a forum-selection clause be given controlling weight in all but the most exceptional cases," *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579 (2013), the Court's analysis of the fairness and convenience factors weighs in favor of denying Defendants' motion to transfer.  *See Jones*, 211 F.3d at 498-99.  Among other factors, the Court finds the following persuasive:  The License Agreement was negotiated and executed by Plaintiff in California.  Zhong Deck. ¶ 3.  At a minimum, the parties to the License Agreement are subject to California law pursuant to the forum-selection clause.  *Id.*; Compl., Ex. A.  Furthermore, Plaintiff filed first in this forum, and as the Court found above, all of the Defendants have purposefully directed at least their trade secret misappropriation at this forum.

Accordingly, the Court DENIES Defendants' motion to transfer.

**III.     CONCLUSION**

For the foregoing reasons, the Court DENIES the motion to dismiss and the motion to transfer.  The Court sets a case management conference for January 24, 2017, at 2:00pm.  The parties shall file a joint case management conference by January 17, 2017.

**IT IS SO ORDERED.**

Dated:  December 29, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

11