UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GENERAL CAPACITOR | Case No. 16-cv-02458-HSG<br>Consolidated Case No. 17-cv-00179-HSG<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR PRELIMINARY RELIEF**<br><br>Re: Dkt. No. 71 |

On May 3, 2017, Plaintiff Enertrode, Inc. ("Enertrode") filed its Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction ("Application"), Dkt. No. 71 ("Pl.'s Appl."), supporting brief, Dkt. No. 71-1 ("Pl.'s Br."), and other supporting documents, Dkt. Nos. 72-2 to 72-12. On May 8, 2017, Defendants General Capacitor Co. Limited ("GC LTD"), General Capacitor International, Inc. ("GC Inc."), and General Capacitor, LLC ("GC LLC") (collectively, "GC Companies") timely filed their opposition, Dkt. No. 73 ("Defs.' Opp'n."), and supporting documents, Dkt. Nos. 74–81. Enertrode's Application seeks to enjoin GC Companies and Jianping Zheng (a.k.a. Jim Zheng), and "their employees, officers, directors, agents and persons acting with or in concert with them or on their behalf" from taking the following actions: (1) "[m]oving, transporting, concealing, or secreting the Electrode Manufacturing Line [("EML")] or the related electrode manufacturing technology, or any portion thereof"; (2) "[s]elling, pledging, disposing, transferring or conveying the [EML], or any piece or portion thereof, or the related electrode manufacturing technology, or any interest therein"; (3) "[d]estroying, altering, damaging, or otherwise impairing the [EML] or the related electrode manufacturing technology"; or (4) "[u]sing the Lithium Electrode Invention [("LEI")], related trade secret data, and any other Enertrode technology or trade secret." Pl's

Appl. at 2.[1]

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. A preliminary injunction enjoins conduct pending a trial on the merits. *See* Fed. R. Civ. P. 65(a). A temporary restraining order enjoins conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). The standard for issuing a temporary restraining order is the same as for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("substantially identical" analysis).

Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). To receive this relief, the plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. However, the Ninth Circuit has held that "a 'likelihood' of success per se is not an absolute requirement." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1085 (9th Cir. 2014). "Rather, serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). Regardless, under either the *Winter* test or the "serious questions" test, a preliminary injunction may not issue unless the court finds that "a certain threshold showing is made" as to each of the four elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).

Here, Enertrode fails to show that it is likely to suffer irreparable harm in the absence of preliminary relief. Enertrode's argument regarding this factor is primarily predicated on Defendants' alleged plans to transfer the EML to Hong Kong or China, or to sell the EML to a third-party within the United States. *See* Pl.'s Br. at 10–11. However, in light of two declarations filed by Defendants' counsel under penalty of perjury, Plaintiff's argument is not persuasive. *See*

---

[1] GC objects to Enertrode's use of "Lithium Electrode Invention" on the ground that the term "improperly impl[ies] that pressing lithium foil on the surface of an electrode that already has been manufactured is part of manufacturing an electrode." Defs.' Opp'n at 6 n.1. However, GC nonetheless uses the term, albeit typically in quotations. *See, e.g.*, *id.* at 20. To avoid any confusion that use of an alternative term might cause, the Court uses the terms "Lithium Electrode Invention" and "LEI," without intending any judgment regarding the nature of the manufacturing process.

2

Dkt. No. 74 ("Narancic Decl."); Dkt. No. 78 ("Moye Decl."). Together these declarations state, *inter alia*, that GC LLC does not plan to begin moving the EML until June 1, 2017; that the EML will be moved to a warehouse within a few miles of its existing location in Tallahassee, Florida; that the GC Companies have no plans to sell the EML either in whole or in part; and that the GC Companies will agree not to sell the EML prior to July 30, 2017, though they reserve the right sell thereafter because the EML allegedly is not fully functional. *See* Narancic Decl. ¶¶ 6, 8, 9; Moye Decl. ¶¶ 21–24. Similarly, Enertrode fails to substantiate the assertion that it will suffer a "substantial loss of business" unless the Court enjoins Defendants' use of the LEI and other alleged trade secrets. *See* Pl.'s Br. at 12–13. The Court is unconvinced by Enertrode's contention that calculating such a loss would be "difficult, if not impossible," *see id.* at 13, given that its President has stated under penalty of perjury that the alleged trade secret appropriation has been ongoing since at least January 4, 2016, *see* Dkt. No. 71-2 ("Zhong Decl.") ¶ 9.

Moreover, Enertrode filed an ex parte application for preliminary relief in state court thirteen months ago, asserting a claim of irreparable harm nearly identical to its arguments in the Application. *Compare* Narancic Decl. Ex. B (state court brief) at 8–9[2] *with* Pl's Br. at 10–11. Enertrode contends that, absent preliminary relief, it cannot inspect the EML to support its lawsuit, *see* Pl.'s Br. at 11, yet provides no explanation as to why it has not arranged to inspect the EML during the 13 months since filing its state court application, *see* Narancic Decl. ¶ 4. As the Ninth Circuit has held, a "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985).[3] This is true not only as to removal of the EML, but also as to further use of the LEI. *See, e.g.*, *Eros Tours & Travel, Inc. v. Infinitywaves, LLC*, No. CV 14-5095 PA (PJWX), 2015 WL 11457691, at *3 (C.D. Cal. Feb. 9, 2015) (finding that "delay alone warrant[ed] denial" of plaintiffs' preliminary injunction motion, where approximately 10 months had passed since alleged discovery that defendants had misappropriated plaintiffs' trade secrets).

---

[2] Enertrode's state court brief begins at page 21 of Dkt. No. 74-2.
[3] The rule in *Oakland Tribune* remains good law. *See, e.g.*, *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 n.12 (9th Cir. 2013) (citing *Oakland Tribune* for same rule).

3

To the extent Enertrode argues that a presumption of irreparable harm applies if it shows a likelihood of success on its trade secret misappropriation claim, *see* Pl.'s Br. at 11–12, the Court has significant doubts that such a presumption would be consistent with the Supreme Court's decisions in *Winter* and *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). In *eBay*, the Supreme Court stated that the four-factor test was derived from "well-established principles of equity," and explained "that the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that *such discretion must be exercised consistent with traditional principles of equity*, in patent disputes no less than *in other cases governed by such standards*." 547 U.S. at 391, 394 (emphasis added). In *Winter*, the Supreme Court held that "[a]n injunction is a matter of equitable discretion; *it does not follow from success on the merits as a matter of course*." 55 U.S. at 32 (emphasis added). The Ninth Circuit has confirmed that "presuming irreparable harm in a copyright infringement case is inconsistent with, and disapproved by, the Supreme Court's opinions in *eBay* and *Winter*." *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 998 (9th Cir. 2011); *see also Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) (reaching same conclusion regarding irreparable harm in trademark infringement cases). Multiple district courts have cited *Flexible Lifeline Systems* in holding that *eBay* and *Winter* also preclude applying a presumption of irreparable harm in trade secret cases. *See Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK, 2016 WL 3002371, at *3; *V'Guara Inc. v. Dec*, 925 F. Supp. 2d 1120, 1126 (D. Nev. 2013). Given its doubt that Enertrode's claimed presumption exists post-*eBay* and *Winter* (if it ever existed), the Court will not assume that Enertrode would be entitled to a presumption of irreparable harm as to Defendants' further use of the LEI if it could show a likelihood of success on the merits.

Accordingly, the Court finds that Enertrode fails to demonstrate a likelihood of irreparable harm absent preliminary relief.[4] On this ground alone, Enertrode's Application must be denied.

---

[4] With relation to the EML, there is at least one other independent basis for finding that Plaintiff has failed to make the requisite showing as to this factor: GC has offered to sell the EML to Enertrode's President, *see* Dkt. No. 71-11 ("Battin Decl. Ex. G"), meaning that, by definition, any harm suffered by Enertrode would be purely economic, which is not "irreparable" as a matter of

4

*See Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1191 (9th Cir. 2011) ("After *Winter*, a district court cannot grant an injunction unless the [plaintiff] has shown that irreparable harm is 'likely'; the 'possibility' of harm is insufficient to meet the [plaintiff's] burden."); *see also Calence, LLC v. Dimension Data Holdings, PLC*, 222 Fed. App'x. 563, 566 (9th Cir. 2007) (affirming district court's denial of preliminary injunction: court was not required to reach the likelihood of success on the merits where it determined that there was no evidence of irreparable harm, and did not err in failing to presume irreparable harm because of alleged trade secret loss).[5] Consequently, the Court does not reach Enertrode's showing as to the other three factors. However, the Court notes that the GC Companies have raised facially compelling arguments regarding the other factors, such that the Court has substantial doubts as to whether any future application for a preliminary injunction by Enertrode could succeed. At a minimum, in any such application, Enertrode would need to identify a *substantial* change in circumstances demonstrating the required likelihood of irreparable harm, and explain why, based upon controlling authority, a different result is warranted. In addition, any such application would need to address the substantial arguments raised in GC Companies' opposition suggesting that Enertrode has a low likelihood of success on the merits on its claims for several reasons.

For the foregoing reasons, the Court **DENIES** Enertrode's Application without prejudice.[6]

**IT IS SO ORDERED.**

Dated: 5/10/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

law, *see Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award.").

[5] As an unpublished Ninth Circuit decision, *Calence* is not precedent, but may be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3

[6] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7–1(b).

5