UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re General Capacitor | Case No. 16-cv-02458-HSG<br>Consolidated with Case No. 17-cv-179-HSG<br>**ORDER GRANTING PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER AND FILE A SECOND AMENDED COMPLAINT**<br>Re: Dkt. No. 101 |

On August 4, 2017, Plaintiffs Enertrode, Inc. and Linda Zhong filed a motion to modify the Court's scheduling order and for leave to file a Second Amended Complaint ("SAC"), which would add Dr. Wanjun "Ben" Cao ("Cao") as a defendant for the misappropriation of trade secrets and declaratory judgment claims. Dkt. No. 101. The motion is opposed by Defendants General Capacitor Co. Ltd.; General Capacitor International, Inc.; and General Capacitor, LLC. Dkt. No. 104. The motion is now fully briefed,[1] and is pending before the Court.[2]

The party seeking to amend a pleading after expiration of the deadline set by the pretrial scheduling order "must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (brackets in original), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015). The Ninth Circuit has held that:

> Rule 16(b)'s "good cause" standard primarily considers the

---

[1] Plaintiffs filed their reply on August 29, 2017. Dkt. No. 110. The Court **DENIES** Defendants' administrative motion for leave to file a sur-reply. *See* Dkt. No. 112.
[2] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

United States District Court
Northern District of California

> diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation and quotation marks omitted). If "good cause" for amendment is found under Rule 16(b), then the Court should deny leave to amend "only if such amendment would be futile." *Heath v. Google Inc.*, No. 15-cv-01824-BLF, 2016 WL 4070135, at *2 (N.D. Cal. July 29, 2016); *see also Kisaka v. Univ. of S. Cal.*, No. CV 11-01942 BRO (MANx), 2013 WL 12203018, at *2–3 (C.D. Cal. Nov. 20, 2013) (assessing motion for leave to amend under Rule 16(b) and holding that even if the Court were to find diligence and lack of prejudice, amendment would nonetheless be futile).

Here, Plaintiffs have satisfied the "good cause" standard of Rule 16(b) by acting diligently to file this motion relatively soon after becoming aware of new information during discovery. The deadline for amendment of pleadings and/or joinder of parties was June 1, 2017. Dkt. No. 57. During his deposition on June 20, 2017, Cao testified that he had drafted and filed the non-provisional patent application, that he did not disclose this fact to Plaintiff Zhong, and that he had worked on the application at home, at night, and on the weekends. Dkt. No. 101-4 at 106:3–21, 107:14–16, 108:8–17. Plaintiffs confirmed this testimony upon receipt of the deposition transcript in mid-July. Dkt. No. 101-2 ¶¶ 4, 7. On July 20, 2017, Plaintiffs requested that Defendants stipulate to amend, which Defendants declined to do on July 22, 2017. *Id.* Plaintiffs filed the instant motion less than two weeks later. Defendants have not provided any persuasive evidence showing that Plaintiffs could have obtained the information concerning the drafting and filing of the non-provisional patent application prior to Cao's deposition, which Plaintiffs conducted over three months before the close of fact discovery on September 30, 2017. The Court finds that Plaintiffs acted diligently by seeking leave to amend less than two months after discovering new information during discovery. *See Frucon Const. Corp v. Sacramento Mun. Util. Dist.*, No. CIV. S-05-583 LKK/GGH, 2006 WL 3733815, at *4–5 (E.D. Cal. Dec. 15, 2006) (finding good cause where the defendant sought leave to amend two months after learning new information through

discovery).  Finally, the Court is not persuaded by Defendants' arguments that the motion is futile. *See* Dkt. No. 104 at 15–16.

For the foregoing reasons the Court **GRANTS** Plaintiffs' motion.  The SAC must be filed within two days from the date of this Order.

**IT IS SO ORDERED.**

Dated: 9/25/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge