UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE GENERAL CAPACITOR

Case No. 16-cv-02458-HSG

**ORDER GRANTING DEFENDANTS' CHOICE OF LAW MOTION, DENYING PLAINTIFFS' CHOICE OF LAW MOTION, AND DENYING WITHOUT PREJUDICE THE PARTIES' MOTIONS FOR SANCTIONS BASED ON SPOLIATION**

Re: Dkt. Nos. 241, 240, 220, 206

Currently pending before the Court are the parties' motions regarding whether California or Florida law governs claims asserted by Enertrode Inc. ("ETI") and Linda Zhong (collectively, "Plaintiffs"), and General Capacitor Co. Limited ("GC LTD"), General Capacitor International Inc. ("GC ITL"), General Capacitor LLC ("GC LLC")[1], Jianping Zheng, and Wanjun Cao (collectively, "Defendants"). Dkt. Nos. 240 ("Pl. Br."), 241 ("Def. Br."). Each side also filed an opposition and a reply. Dkt. Nos. 243 ("Pl. Opp."), 244 ("Def. Opp."), 245 ("Def. Reply"), 246 ("Pl. Reply"). On September 12, 2018, the Court heard argument on the motions. Later that day, the parties clarified that the choice of law dispute concerns only two claims: (1) GC Defendants' claim against Zhong for breach of employment contract; and (2) Zhong's claim against GC Defendants' for failure to pay wages. *See* Pl. Br. at 1-2; Dkt. No. 249 (stipulating that Florida law applies to GC Defendants' breach of fiduciary duty claims against Zhong). After carefully considering the parties' arguments, the Court **GRANTS** Defendants' choice of law motion, and **DENIES** Plaintiffs' motion.

---

[1] For purposes of this order, Defendants GC LTD, GC ITL and GC LLC are collectively referred to as "GC Defendants."

## I. DISCUSSION

Plaintiffs argue that the Court should use California choice of law principles and apply California substantive law to evaluate the parties' employment claims. Defendants take the opposite position, contending that the Court should adopt Florida choice of law principles, and should consequently apply Florida substantive law. There is no dispute that a Florida district court transferred Defendants' later-filed lawsuit to this Court, citing both the "first-to-file" rule and 28 U.S.C. § 1404(a). *See General Capacitor Int'l Inc. et al. v. Zhong*, Case No. 4:16-cv-265-MW/CAS, Dkt. No. 29, at *9 ("Transfer is thus appropriate under either the first-filed rule or under 28 U.S.C. § 1404(a).").[2] This Court subsequently consolidated Defendants' later-filed lawsuit with Plaintiffs' claims (which were initially filed in this district) for purposes of efficiency and judicial economy. *See* Dkt. No. 52.

"When a change of venue occurs pursuant to 28 U.S.C. § 1404(a), '(t)he transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue.'" *S. A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.*, 641 F.2d 746, 749 (9th Cir. 1981) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964)). The Court accordingly applies Florida choice of law principles to determine which state's substantive law governs. *See id.*; *Fireman's Fund Ins. v. Gerling Am. Ins.*, No. C 07-06302 CRB, 2008 WL 918502, at *1 (N.D. Cal. Apr. 3, 2008) (applying Florida choice of law principles and substantive contract law based on a Section 1404(a) transfer from a Florida district court); *accord Z-Rock Commc'ns Corp. v. William A. Exline, Inc.*, No. C 03-02436 WHA, 2004 WL 1771569, at *6 (N.D. Cal. Aug. 6, 2004) (*Z-Rock*) ("By applying the law of the transferee court, *Van Dusen* prevented the defendant from forum shopping."). Plaintiffs, moreover, fail to present on point affirmative authority supporting their claim that California choice of law principles apply even after a Section 1404(a) transfer. *See* Pl. Br. at 3 n.1 (citing *Klaxon Co. v. Stentor Elec. Mfg.*

---

[2] Plaintiffs request judicial notice of both the docket and transfer order in the Florida action. *See* Dkt. Nos. 243-1, 247-1. The Court **GRANTS** Plaintiffs' request to the extent that Plaintiffs ask that the Court take notice of the existence of these publicly filed court documents. *See Khoja v. Orexigen Therapeutics, Inc.*, No. 16-56069, 2018 WL 3826298, at *7 (9th Cir. Aug. 13, 2018) (detailing this circuit's standard for judicial notice).

2

*Co.*, 313 U.S. 487, 496 (1941)). The application of Florida choice of law principles is therefore proper.

"Florida has traditionally applied the lex loci contractus rule for choice of law determinations regarding issues of contract law." *Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc.*, 92 F.3d 1110, 1119 (11th Cir. 1996); *State Farm Mut. Auto Ins. Co. v. Roach*, 945 So. 2d 1160, 1163-64 (Fla. 2006); *Fioretti v. Massachusetts Gen. Life Ins. Co.*, 53 F.3d 1228, 1235 (11th Cir. 1995) ("When resolving conflict-of-laws issues in contract actions, the Florida Supreme Court has unambiguously indicated its intent to . . . adhere to the traditional rule of *lex loci contractus*."); *Z-Rock*, 2004 WL 1771569, at *15 ( "With respect to contract claims, Florida applies the lex loci contractus rule to determine choice of law."). In applying the lex loci contractus rule to employment contracts, courts look to the place that the contract was made and performed to determine which state's law governs. *See Trumpet Vine Investments, N.V.*, 92 F.3d at 1119 ("Under the lex loci contractus method issues concerning the validity and substantive obligations of contracts are governed by the law of the place where the contract is made. . . . A contract is made where the last act necessary to complete the contract is performed."); *Moreira v. Franca*, No. 15-21439-CIV, 2016 WL 4808955, at *3 n.1 (S.D. Fla. Feb. 3, 2016) (analyzing an employment contract under Florida law and the lex loci contractus doctrine); *Hendricks v. Smartvideo Techs., Inc.*, 511 F. Supp. 2d 1219, 1226 (M.D. Fla. 2007) (examining claims for a breach of an oral employment contract using the lex loci contractus doctrine).

Applying the lex loci contractus doctrine to this case, Florida law governs the parties' claims concerning the substance and validity of Zhong's employment contract with General Capacitor ("GC"). The evidence shows that: (1) General Capacitor is located in Florida and does not have any facilities or operations in the State of California; (2) Zhong executed her employment contract with GC-entities in Florida; (3) Zhong performed the majority of her work under that contract in Florida; (3). *See* Dkt. No. 241-1 ("Zheng Decl.") ¶¶ 13-14, 21, Dep. Ex. 11 (stating that Zhong would spend three weeks in Florida, and two weeks in California). Though Plaintiffs contend that Zhong in fact spent more time in California, Pls. Opp. at 8-10, Plaintiffs do not

dispute that her work for GC occurred primarily in Florida. *See* Def. Reply at 5.

The Court likewise concludes that, under the circumstances, California wage and hour statutes do not apply to claims brought by Zhong pursuant to her GC contract. *See Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1059, 1061 (N.D. Cal. 2014) (declining to apply California wage and hour laws where employees worked in other states); *Aguilar v. Zep Inc.*, No. 13-CV-00563-WHO, 2014 WL 4245988, at *11 (N.D. Cal. Aug. 27, 2014) ("The extraterritorial application of California law is improper where non-residents of California raise claims based on conduct that allegedly occurred outside of the state."). Zhong's work for GC, as discussed, occurred primarily in Florida, and any claim for unpaid wages is therefore appropriately governed by that state's laws.

## II. CONCLUSION

For these reasons, the Court **GRANTS** Defendants' choice of law motion, and **DENIES** Plaintiffs' choice of law motion. The Court **SETS** a further pretrial conference for October 30, 2018 at 3:00 p.m. Finally, for the reasons discussed at the September 12, 2018 pretrial conference, the Court **DENIES WITHOUT PREJUDICE** as premature the parties' motions for sanctions based on spoliation. Dkt. Nos. 206, 220. The spoliation issue will be decided at trial based on the evidence presented.

**IT IS SO ORDERED.**

Dated: 9/14/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge