UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENERTRODE, INC., <br>     Plaintiff, <br> v. <br> GENERAL CAPACITOR CO. LTD, et al., <br>     Defendants. | Case No. 16-cv-02458-HSG <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE UNDISCLOSED WITNESSES** <br><br> Re: Dkt. No. 258 |

## I. INTRODUCTION

Plaintiffs seek exclusion of four witnesses—S. Hobie Frady, CPA, Gregory Maus, Marina Yakovleva, and Richard Clarke—whom Defendants included in their witness list, but whom Defendants had not previously identified "in their Rule 26 disclosures or in *any* discovery responses." *See* Dkt. No. 258, at 2 ("Motion"). Plaintiffs argue that if Defendants properly disclosed these witnesses, Plaintiffs could have "engage[d] in documentary and testimonial discovery – with plenty of time for evaluation and follow-up discovery – regarding what these witnesses knew." *Id.* at 3. Absent this opportunity, Plaintiffs argue, "[a]llowing these witnesses to testify at trial . . . is highly prejudicial to Plaintiffs." *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1)(A)(i) provides that, except for situations inapplicable here, "a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." The Rule further requires that each party must supplement or correct this initial disclosure "in a timely

manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." *Id.* at 26(e)(1)(A).

Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In addition, or instead, the court may also impose other appropriate sanctions provided for in Rule 37. *See* Fed. R. Civ. P. 37(c)(1)(A)-(C). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Rule 37(c)(1) "gives teeth" to Rule 26's disclosure and supplementation requirements. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Advisory Committee Notes to the 1993 amendments to Rule 37 describe subsection (c)(1) as a "self-executing," "automatic sanction [that] provides a strong inducement for disclosure of material" that must be disclosed pursuant to Rule 26. Rule 37(c)(1) sanctions based on failure to disclose evidence in a timely manner may be appropriate "even when a litigant's entire cause of action or defense" will be precluded. *Yeti*, 259 F.3d at 1106.

### III. DISCUSSION

Defendants do not argue that their failure to timely identify these witnesses as required by Rule 26 was substantially justified. Instead, Defendants argue that their failure to disclose Maus, Yakovleva, and Clarke was harmless, because "Plaintiffs were well aware of [them] during discovery in this case." Dkt. No. 270, at 4 ("Opposition"). To that end, Defendants rely on *United States v. Booth*, No. 9-cv-1689 (AWI), 2013 WL 3541615 (E.D. Cal. July 11, 2013), and *All Star Seed v. Nationwide Agribusiness Ins. Co.*, No. 12-cv-146–L (BLM), 2013 WL 1882260 (S.D. Cal. May 3, 2013), for the proposition that failing to disclose a witness is harmless where "the opposing side had full notice that [sic] of the existence of the witness and fully understood the important role he/she had in relation to the facts of the case." Opposition at 3.

The Court finds Defendants' purported reliance on *Booth* and *All Star Seed* unavailing.

2

First, those cases are not controlling authority. Second, in *All Star Seed*, the parties identified witnesses "before the close of discovery," when "allowing the use of the witnesses and evidence [was] not likely to disrupt the trial . . . as no trial date [had] been set." *See All Star Seed*, 2013 WL 1882260, *8–11. That is quite unlike the situation here, where Defendants only identified the contested witnesses in pretrial filings. The fact that these individuals' names may have shown up somewhere in the discovery in the case is insufficient to satisfy the requirements of Rule 26. *See Pinterest, Inc. v. Pintrips, Inc.*, No. 13-cv-04608-HSG, 2015 WL 2268498, at *5 (N.D. Cal. May 14, 2015) ("The Rule is not satisfied simply by disclosing the name of an individual in some other context during discovery."). And whether or not Plaintiffs previously may have known generally that these people exist, that fact does not make Defendants' failure to comply with Rule 26's disclosure requirements harmless. As Plaintiffs explain, had they known that Defendant planned to offer these people at trial in support of Defendants' case, they would have engaged in greater discovery regarding these witnesses, which they cannot do now on the eve of trial. *See* Motion at 3.

Separately, Defendants argue that "even if the Court orders the exclusion of the witnesses at issue in this case, such an exclusion should not apply to the right of the Defendants to call such witnesses solely for impeachment or rebuttal." *See* Opposition at 5. And Defendants appear to say that they only intend to call Frady "to rebut or impeach Plaintiff Zhong's testimony concerning her use (and misuse) of General Capacitor funds." *Id.* at 4. The Court need not decide now whether any of these witnesses could be properly called solely as rebuttal or impeachment witnesses under some future circumstances.

///
///
///
///
///
///
///

3

## IV. CONCLUSION

The Court **GRANTS** Plaintiffs' motion to exclude the testimony of S. Hobie Frady, Gregory Maus, Marina Yakovleva, and Richard Clarke. The Court will determine whether any of these witnesses may testify as a rebuttal or impeachment witness if and when Defendants seek to introduce such testimony.

**IT IS SO ORDERED.**

Dated: 11/7/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge