UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENERTRODE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL CAPACITOR CO. LTD, et al.,<br><br>Defendants. | Case No. 16-cv-02458-HSG<br><br>**ORDER REGARDING PLAINTIFFS' MOTION TO EXCLUDE LATE-EXHANGED EXHIBITS; ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 260 |

## I. INTRODUCTION

Plaintiffs seek exclusion of Defendants' trial exhibits 800–870, which Plaintiffs argue were untimely exchanged because Defendants did not identify them at least 28 days before the initial pretrial conference on July 17, 2018. Dkt. No. 260 ("Motion"). Defendants argue that they timely submitted the exhibits in question. Dkt. No. 266 ("Opposition"). Based on the materials submitted, both parties appear to misrepresent the record in significant ways in their papers.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(3)(A)(iii) provides that "a party must provide to the other parties and promptly file . . . an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises." Rule 26(a)(3)(B) provides that the district court may establish deadlines for such disclosures. And consistent with that authority, this Court's Civil Pretrial Standing Order provides that "[a]t least 28 days before the Pretrial Conference, each party shall provide every other party (but not the Court) with one set of all proposed exhibits, charts, schedules, summaries, diagrams, and other similar documentary materials to be used in its case in chief at trial, together with a complete list of all such proposed exhibits." Civil Pretrial &

Standing Order for Cases Before District Judge Haywood S. Gilliam, Jr. ¶ 3.

Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In addition, or instead, the court may also impose other appropriate sanctions provided for in Rule 37. *See* Fed. R. Civ. P. 37(c)(1)(A)-(C). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Rule 37(c)(1) "gives teeth" to Rule 26's disclosure and supplementation requirements. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Advisory Committee Notes to the 1993 amendments to Rule 37 describe subsection (c)(1) as a "self-executing," "automatic sanction [that] provides a strong inducement for disclosure of material" that must be disclosed pursuant to Rule 26. Rule 37(c)(1) sanctions based on failure to disclose evidence in a timely manner may be appropriate "even when a litigant's entire cause of action or defense" will be precluded. *Yeti*, 259 F.3d at 1106.

## III. DISCUSSION

Plaintiffs' counsel contends that the parties exchanged proposed trial exhibits and exhibit lists on June 23, 2018, but that then "a month and a half later, on August 9, 2018, the GC Defendants purported to 'add' some seventy-one (71) new exhibits." Motion at 2 (citing Battin Decl. and exhibits). Counsel claims that "[t]he added exhibits showed up as exhibits J0800-870 in the Corrected Proposed Joint Trial Exhibit List." *Id.*

In response, Defendants' counsel states, with evidentiary support, that he "added exhibits 800-844 to the exhibit list on July 17, 2018 pursuant to discussions between counsel that the list was to be updated." Opposition at 1 (citing Conwell Declaration and Exhibit 2).

Plaintiffs' counsel's representations gravely concern the Court. It is disingenuous at best, and affirmatively misleading at worst, to omit the July 17 exchange in bringing this motion. Plaintiffs' counsel is ORDERED TO SHOW CAUSE at 8:00 a.m. on November 13, 2018 why he should not be sanctioned for omitting the July 17 exchange from his motion and declaration.

2

For their part, Defendants do not present any actual justification for their failure to comply with the Standing Order (beyond, perhaps, "the parties both agreed not to comply with the order"). Instead, Defendants first claim that they in fact complied with the Standing Order, for various technical reasons, none of which the Court finds persuasive. For example, Defendants claim that the first pretrial conference in this case was not, in fact, a pretrial conference, because a minute entry on the docket "states that the July 17, 2018 hearing was not a pretrial conference." Opposition, at 2. That is, plainly, false. The minute entry in question is unambiguously to the contrary: "Pretrial Conference held and Motion Hearing NOT held on 7/17/2018." Dkt. No. 208. The Court can see no good-faith basis for counsel's claim otherwise.

Defendants also maintain that at the July 2018 pretrial conference, the Court granted the parties free rein to revise all pretrial filings until a later date. *See* Opposition, at 2. That is incorrect. At that pretrial conference, the Court acknowledged the parties' indication that there were outstanding disputes regarding some pretrial matters, and directed the parties to resolve those outstanding disputes before the next pretrial conference. Defense counsel said that the issues concerned the "jury instructions" and "verdict form." Dkt. No. 268 at 12:16–17, 12:21–22. To the extent "exhibit issues" were mentioned at all, counsel said the purported dispute concerned "our current exhibits." Dkt. No. 268 at 12:17–18, 12:23–13:1. Defendants' counsel failed to point out this obviously relevant section of the transcript in the Opposition. Nothing in the exchange that actually occurred amounted to an open-ended invitation to *add* a large number of exhibits later. The entire point of the Standing Order requirement is to force the parties to identify and disclose, well before the pretrial conference, the exhibits they actually propose to use in their case in chief, so that any issues can be identified and resolved by the Court in an orderly way. The fortuity that at the pretrial conference the Court continued the trial date is irrelevant to whether Defendants complied with the Standing Order. Plainly, they did not. The only question is what sanction is warranted for that noncompliance.

Because Plaintiffs' counsel did not accurately represent the relevant facts in its motion, the Court is not in a position to rule on the motion to exclude Exhibits 800-844 (which were produced after the deadline in the Standing Order, but clearly with the knowledge and apparent

acquiescence of Plaintiffs' counsel). As to Exhibits 845–867, Plaintiffs do not explain why it did not object to what it now claims was a late disclosure anytime between August 9 and October 30, or explain in any detail what prejudice it sustained based on the timing of the disclosure given the November 13 trial date. The parties must be prepared to discuss these issues at 8:00 a.m. (or earlier if so ordered) on the first day of trial.

The Court will demand scrupulous candor, forthrightness, accuracy and the highest standard of professionalism from all counsel in this trial. Counsel are on notice that they must conduct themselves accordingly, and the Court will not tolerate half-truths or mischaracterizations of the record. All counsel are directed to share this order with their clients.

**IT IS SO ORDERED.**

Dated: 11/8/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

4